UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SKYCELL, LLC,

       Plaintiff,

v.                                          Case No:   2:15-cv-520-FtM-99MRM

VEST, LLC., SOCIFI, LTD., ZDENEK
HORNYCH and JAMES BITTING,

       Defendants.
_____/

## ORDER[1]

This matter comes before the Court on review of Plaintiff Skycell, LLC's Complaint (Doc. #1). Plaintiff brings this action based on diversity jurisdiction, which requires complete diversity of citizenship and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). In the Complaint, Plaintiff fails to properly allege complete diversity of citizenship for several reasons. First, Plaintiff alleges Defendant Zdenek Hornych resides in San Francisco, California, but fails to allege that Defendant Zdenek Hornych is domiciled there (Doc. #1 at 3). Second, Plaintiff alleges Defendant James Bitting resides in Pennsylvania, but fails to allege that Defendant James Bitting is domiciled there (Doc. #1 at 3). Third, Plaintiff alleges that it is a Florida limited

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

liability company, but fails to allege where its members are domiciled (Doc. #1 at 2).[2] Fourth, Plaintiff alleges Defendant Vest, LLC is a Pennsylvania limited liability company, but fails to allege where that company's members are domiciled (Doc. #1 at 3).

Without these allegations, the Court is not convinced that it retains subject matter jurisdiction over this matter. See *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of [] unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership.").

The Court will allow Plaintiff a period of time to establish the Court's jurisdiction. Failure to do so will result in dismissal of this action.

Accordingly, it is now **ORDERED**:

Plaintiff Skycell, LLC must amend its Complaint to allege the domicile of Defendants Zdenek Hornych and James Bitting, and the domicile of the members of its limited liability company and Vest, LLC on or before **September 11, 2015**.  Failure to comply with this Order will result in dismissal of this action.

**DONE** and **ORDERED** in Fort Myers, Florida, this 1st day of September, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] If a member of Plaintiff is another limited liability company, then Plaintiff is required to disclose the members of the additional limited liability company along with its citizenship too. Essentially, Plaintiff is required to disclose the citizenship of the members of the limited liability company until there are no more limited liability company entities to be disclosed.  This must be done for any Defendants that are limited liability companies also.